# Supreme Court of Texas

---

No. 21-1080

---

Greg Abbott, in His Official Capacity as Governor of Texas, et al.,

*Petitioners*,

v.

Clay Jenkins, in His Official Capacity as Dallas County Judge,

*Respondent*

---

On Petition for Review from the
Court of Appeals for the Fifth District of Texas

---

**Argued February 22, 2023**

JUSTICE BLACKLOCK delivered the opinion of the Court.

This case and its companion cases—*Abbott v. City of San Antonio*, 21-1079, and *Abbott v. Harris County*, 22-0124—concern the division of power between the Governor and local officials during the response to the coronavirus pandemic. In each case, we are asked about the scope and constitutionality of the Governor's authority under the Disaster Act to prohibit local governments from imposing mask requirements.

Beginning in April 2020, Dallas County Judge Clay Jenkins issued various orders requiring masks in certain circumstances. In July

2021, the Governor issued executive order GA-38, which prohibited local officials from requiring masks.

This lawsuit originated as a dispute between Judge Jenkins and then-Dallas County Commissioner J.J. Koch, who sued Jenkins over a mask requirement at meetings of the Dallas County Commissioners Court. The dispute between Koch and Jenkins, like the current appeal, focused on the scope and constitutionality of the Governor's authority to issue GA-38. Jenkins later brought the Governor into the suit, seeking an injunction against the enforcement of GA-38.

The district court issued a temporary restraining order prohibiting enforcement of GA-38, which this Court stayed. *In re Abbott*, No. 21-0686 (Tex. Aug. 15, 2021) (order). The district court then temporarily enjoined the Governor and others from enforcing GA-38 to the extent that such enforcement would interfere with Judge Jenkins' authority to require masks in Dallas County. *Jenkins v. Abbott*, No. DC-21-10101 (Aug. 25, 2021) (order granting temporary injunction). That injunction, which bound the Governor and others who would enforce GA-38, was automatically superseded by the State's appeal. TEX. R. APP. P. 29.1(b). The court of appeals affirmed the temporary injunction, concluding that GA-38 could not lawfully override the local orders. 665 S.W.3d 675, 695 (Tex. App.—Dallas 2021). None of the injunctions issued by the lower courts has been enforceable during the pendency of this appeal.

We granted the State's petition for review and consolidated this case for oral argument with *Abbott v. City of San Antonio*, 21-1079, and *Abbott v. Harris County*, 22-0124. After the case was argued, the

Governor allowed GA-38 to expire in response to the enactment of Senate Bill 29, which generally prohibits governmental mask requirements in response to the pandemic. Act of May 28, 2023, 88th Leg., R.S., ch. 336, § 1, sec. 81B.002(a), 2023 Tex. Sess. Law Serv. ch. 336 (to be codified at TEX. HEALTH & SAFETY CODE § 81B.002(a)).

In light of our decision today in *Abbott v. Harris County*, 22-0124, the judgment of the court of appeals is vacated, the temporary injunction is dissolved, and the case is remanded for further proceedings consistent with our opinion in *Abbott v. Harris County*.

James D. Blacklock
Justice

**OPINION DELIVERED:** June 30, 2023

3